Our third and final case of the day is number 21-11877, Innova Investment Group, LLC v. Village of Key Biscayne. Let me let opposing counsel get settled. All right, Mr. Crockett, you have reserved five minutes for rebuttal. You may proceed. Thank you, Your Honor. Good morning. May it please the Court, we are asking for a reversal of the dismissal with prejudice by the trial court of the declaratory judgment claims that the federal and state constitutional right to avoid excessive fines, what were violated below and that the fines were imposed were contrary to Florida statutory law. Counsel, so I think you're opening statement clarified one question I had, which is you're really only appealing the last count, the declaratory judgment count. That's correct, Your Honor. Okay. Which would include the 1983 declaratory relief also, but yes, absolutely, declaratory relief under the state and federal constitution. Declaratory in the sense that you, you're asking that the, you're asking that to be declared in violation of the federal, in violation of the federal constitution. Yes, Your Honor. Okay. Now, show me where my next preliminary question goes to the ultra virus claim that you argue in your brief. Can you show me where in the complaint that you allege an ultra virus manner? I believe Your Honor, it was paragraph 25. And I want to be clear when I say you, I know you were not trial counsel. I meant your client. I believe paragraph 25 specifically states that the statute allowed for $250 per day and the actual fine was, was, uh, you know, eight times that. So that was, that was paragraph. But, and then again, in, in the declaratory relief count, um, there's also an allegation that the fine was unlawful under, under state. Right. But that's, how is that, how is that specific enough to put the district court on, on notice that an ultra virus claim was argued because the district court didn't acknowledge that there was an ultra virus claim. I've read the papers, the, the, the pleading papers. There wasn't the claim you're making now really wasn't argued. And I'm looking at paragraph 25. I have the amended complaint, right? Is that the number, right? Does it mention that it just says the claim is comprised of a $4,000 per day fine, which violates one 6,209, uh, which caps daily fines at 250 per day. But the problem with that is, as you know, there's this argument about whether he's a repeat violator or not, which would, and whether you can do them individually. And that's why in the declaratory relief part, you have the alternative claim that, and I unconstitutional for its failure to safeguard against excessive fines prohibited under the constitution. In other words, if one 6,209 allowed this fine, it would be unconstitutional because as applied to me, it, it would be too much, right? Really? Yes. It was an excessive fine period under the relevant standards, culpability, ability to pay. So assume for the moment that I, I, that I don't see an ultra virus claim here. So the way that I, I read the deck action is I want to declare it unconstitutional under the state and federal constitution, uh, because the fines too high. And alternatively, I want to declare one 6,209 unconstitutional as applied because it's too high in my case. Is that a fair reading of the deck action? Well, we, my recollection is, and I'll look at the, at the appendix while the opposing counsel is arguing, is that we did argue that the fine was unlawful on state based on state law. And I believe that was clearly stated in argument to the court and transcript, which is in the record. I, I, I don't disagree with the court's analysis of the complaint that it was, it was not. I mean, that would have, that would be a motion to amend issue, but I, I believe there was not in dispute that Inova's part of Inova's because it violated Florida and federal law and the constitution. Correct. Okay. And in particular the, the enabling statute, the cat a cap of $250, which we argued was, was violated. So that I, I, I believe that that was that that was before the, before the court, I want to be clear on the property itself. Was there more than one structure on the property? It was, it was a con, it was a unit in a condominium. So yes, but there, there wasn't just one violation. There were what, eight violations? Well, I, I, I'm not sure the, the order, again, this, this really isn't, isn't developed in the record. The order says it's a 500, what the facts are 500 foot condominium. There were four trades that were mentioned. So, so there were four potential violations. I believe in the course of argument, this, you know, the village's version was repairs required first a demolition permit and then a repair permit for each of the four trades. Again, all of that's disputed. None of that was resolved. Correct. Exactly. And at 500 a piece for repeat violator, that would be 4,000. Correct. And that's, that's, you know, again, the court didn't reach the merits, you know, none of this was, was addressed. What the court said, really the key to the court's ruling was that this was an improper collateral attack. If I read, so if I read the complaint as an as applied legal and factual challenge, does not Florida, the Florida law state that that has to be exhausted. So as to, to the extent that there's Florida claims embedded in the deck action, does Florida, do the Florida courts not require exhaustion for as applied challenge? Okay. There's, there's, there's two issues. First, Florida law, then federal law. So I agree with you. I agree with you on federal. I'm only limiting my question to Florida. Okay. So on F on Florida law, uh, and it's, it's, it's not the distinction between as applied and facial the leading case on this. And again, this is the only case on whether an excessive fine claim can be raised in subsequent litigation. It's Wilson versus Orange County, Florida law case, very well reasoned case by well-respected judge and clearly said excessive fine case is not precluded by the failure to file the one 62 11 appeal because it's a different cause of action. And this is, and this is clear. Uh, the judge, the judge said, you know, the court said in, in the Wilson case at the time of the appeal, at the time of the order, all you have is, was there a code violation 1983 including excessive fines includes, was there a violation of rights? You know, was there a culpability at the time of the, at the time of the order, the fine hadn't even started yet. There was 60 days to complete the work. So I just want to be clear about your position. You're saying as a matter of Florida law, there is an exception to every other constitutional claim that must be brought in the, in the, what I'll call the administrative action for excessive fine claims. It's not, yes, I would say in the one 62.11 claim, uh, any, any facial challenge. And Wilson says this, any facial challenge or any as applied challenge that exists at the time can be brought, can be brought a must. Notwithstanding, Wilson says, notwithstanding that if it isn't brought, it's only precluded if it's on the same cause of action based on the same facts and excessive fines was expressly held in that case to be allowed. Why would, why would you not know the basis if it violated Florida law and you think you're not a repeater and you know that it's going to be 4,000 per day? How do you not know that you have an excessified claim right there? Well, your Honor, at the time, at the time you have an order you have in 60 days, if it's not completed in 60 days, then the, uh, eight, you know, eight, 8,000, whatever it is, um, a day of starts that hasn't started yet. I know, but you know what the fine is. You don't, you, you know, the daily fine, but what you, and, but what you don't know is whether you will be done in 60 days. You don't know whether there, if there are delays, who's caught, who's fault. What if it's a $5 fine that you decide not to do anything about for 10 years, a $5 fine can is, I can't see would be unconstitutional in any way. And it can't be that it just rises and falls on how long you decide you don't want to comply with the court, with the order canopy. No, but, but, but it's not, it's not necessarily, again, the fact what causes a delay is it, is it you, you're done with the work and the village takes three months to inspect it. You know, that's, that's, I'm saying it's, it's literally impossible to litigate that at the time of the court. That doesn't go to the constitution. The excessive fine is, is it excessive on its face? Well, actually, your Honor, the, the, again, we didn't get to the merits, but the factors of excessive fine jurisprudence are the gravity of the violation. What is the proportionality? What is the harm? Council? We know the gravity of violation. We know the harm here, um, uh, not getting what getting licenses. And we know, uh, the, the third factor, we know the amount of the fine. Um, it's going to be $4,000 for every day. So I, in relation to the other fines or, or what the maximum cent or the maximum penalty is, we don't, we don't know the total amount where that's, that cannot be related to, to ability to pay. But, but essentially your Honor on excessive fines, we have a Florida case that says an excessive fine, excessive fine claim is not precluded, not withstanding the failure to file an appeal. So clearly the district court was wrong. So what about the time bar aspect of the Florida constitutional claims? So with regard to those, it seems to me that, that the Florida courts have said, and I can cite a bunch of cases to you that the same sort of four years that would apply for a 1983 action would apply for a claim, a deck action stating that a part of the Florida statutes is unconstitutional. Well, our, our, our position on, on that, your Honor is that, and this applies to both under the Florida claim and the state claim is that so long as the claim can be made, that is their 20 years to bring the enforcement action, an action in the same way that we could file defenses to that enforcement action in year 19. Let's say they sue in year 19, we could defend that and say it's an excessive fine. You cannot collect it against us. You're, you're citing in that regard to a Florida state cases in your brief from the mortgage context and the recoupment of legal fees context. So aren't you necessarily asking this court to extend Florida substantive law to cover the scenario at issue in this case? Well, yes, we are making analogies based on Florida law. The court, the court is correct. Or again, and we, this is an alternative argument. If there's a dispute as to the Florida law issues, you know, that, that could be dismissed without prejudice and sent to the Florida courts to, to re to resolve that. But, but we, we think in the same way, uh, as, as if there's a mortgage, which is good for 30 years, you can file a quiet title action in year 28 based on events that occurred five years before, because it's a defensive declarations, uh, deck action. And there's plenty of cases on that. And the nature of declaratory leaf is the same in state and federal. You can raise, notwithstanding that an affirmative damage claim might be precluded as time bar, those facts can be revived in the event of an, of an action to enforce. Yes. So you've, my first question was talking about, you're asking for us to extend Florida law. Have, um, have you found any published case under federal law that a declaratory judgment action when defensive in nature is not subject to a statute of limitations? Yeah, I, I believe, I believe Luckenbeck says that, and this is a second, it's a leading case from the second, uh, circuit. And what it says is this is a, this is an action in anticipation of a claim by the they're not liable can be brought also. I believe their language is as long as a claim can be made, it's negative can be asserted. I think that's a general principle. What, what, what, what are you defining as the claim? The enforcement claim, the enforcement of the lien. That's not the lien itself, but the enforcement of it. Well, the, the, I would say the lien it's, is really the underlying fact, but the lien can be enforced for 20 years. That's the relevant statute of the lien. So that's our view. All right. Thank you. You have five minutes for rebuttal. You've exceeded your time right now, which is that's, we asked you the questions. Uh, so Mr. Rosengarten, you may proceed. May it please the court. My name is Richard Rosengarten with Weiss Sirota here on behalf of the Village of Key Biscayne. And to pick up the court should challenge to the code enforcement fine imposed in January, 2012, which ceased accruing and the lien that was imposed as of November, 2012, which Inova failed to bring until more than six years later in November, 2018. And the only thing happening in the meantime, being that the village reduced the I want to start. The only thing, the only issue is, is, is count four. That's correct. Correct. On, on the limitations bar Inova has not appealed dismissal on limitations grounds of counts one or three. So the only claim this is still relevant to is count four for declaratory relief. And, and I want, and because it's an action for declaratory relief is the trial judge have discretion as to whether to grant the declaratory relief. In other words, to grant it or just decide not to consider it. Um, I, I believe under the case law, yes, the declaratory remedy is discretionary, although I will acknowledge the district court did not consider that and that was not argued to the district court. The district court correctly applied standard statute of limitations principles to declaratory relief claims. They cannot stand on their own. They depend on an underlying substantive cost of action. So counsel, let's, let's, I want to focus on where your opposing counsel was because there's really two, I think are critical issues here. I will tell you that as a matter of federal law, I do not see an exhaustion requirement. Um, and I don't understand the collateral attack issue as to that. So that's a no starter for me. But as a matter of state law, we've said that Erie requires us to apply substantive state law with regard to exhaustion principles for the state. And it, I had thought coming in that the state courts have been clear that as apply challenges, constitutional challenges, full stop. I mean, not, not except for such and such had to be brought in the administrative context. Your opposing counsel has said, well, there's this Wilson case, which suggests that for at least for excessive fine cases, because it's not ripe yet. In other words, we don't know the extent of the fine. We can't know and decide on that. Address that please. So, so this is the collateral attack issue and, and I'd like to help clarify the collateral attack argument. Um, and I hope I can bring the court with me there. So Inova's declaratory relief claim, again, the only claim this is findings of the administrative body, the code enforcement board are entitled to preclusive effect even in federal courts and counsel. Yes. I'd like for you to address my question. I understand you want to reiterate to me what you said in your brief. My question to you is this for the portion of the deck action that argues state law, whether the state statute is unconstitutional and that the fine itself is unconstitutional as a matter of Florida constitutional law. My understanding is that those claims had to be normally have to be brought where they're as applied in the administrative context. In other words, a constitutional and any other kind of state claims. Yes. That, that the statute is, is illegal in some way. Yes, correct. Your, your opposing counsel is saying there's a carve out for excessive fine claims because that claim cannot be known until later in the process. And so that claim is accepted from that general requirement that's there. And he cites a case called Wilson. Okay. Why is he wrong or right as to that? Okay. So that, that is not correct. And, and Wilson holds on res judicata grounds that, that a 1983 claim, including bringing one for excessive fines, which would be under the federal constitution as a 1983 claim is not res judicata. All right. And this goes to, I acknowledge that this issue could have been more clearly presented to the district court and even to this court in the briefing. The relevant principle comes from, um, we did cite below to the district court in the briefing and, uh, you can find our citation to it, um, in our motion to dismiss below to Nary, um, versus Dean and supplemental appendix 37. And that reminds us of in 1983 actions, the factual findings of administrative bodies are entitled to preclusive effect, even in federal courts. And it makes a distinction between, um, issue preclusion and claim preclusion. And it says that unreviewed administrative decisions are not in. I got to tell you, we are talking past each other. I'm not talking about res judicata. I'm not talking about issue preclusion. I understand what you're saying, that the facts are established by the administrative body and cannot be collaterally challenged. That's, that is completely besides the point for a, a, a constitutional attack on a fine. No one's arguing that the fine isn't imposed. No one's arguing that they violated code. What they're arguing here is that the fine itself is unconstitutional given every fact. So why is that claim as a matter of Florida constitutional law not have to be exhausted or does it have to exhausted in, um, uh, in state court, in the administrative hearing? In other words, do you have to tell the board, Hey board, or the circuit court, a circuit court, the board imposed a fine that's excessive under the law. You do. And, and, and we cite several cases that say, yes, you can make constitutional claims on that one 62.11 appeal. I think the reason Wilson allows it is because it is a section 1983 claim bringing claims under federal law. And that's the distinction. The distinction is that Wilson is in a state constitutional claim. It's a federal constitutional claim. I believe so. Yes. And again, it's unrest due to Cotter grants and your honor respectfully, I don't think we were talking past each other. I think the connection is that in this particular case, the reason, I mean, Wilson did not consider issue preclusion, this argument that I'm making, I think that the excessiveness of the fine is part of the factual findings of the administrative body here because it finds it's not, it's just not, well, it, an administrative court, the sitting of the body does not. First of all, there's nothing in the order. I have the order here. There's nothing there that says we find that our fine is constitutional, right? Well, the court considers moustakas, right? Moustakas holds that the excessiveness or non-excessiveness of the fine should be measured principally by whether it violates state statutory standards, right? And the factual finding of the administrative body here requiring the violator to pay civil penalties of $4,000 as the appropriate amount, as Inova acknowledges in its initial brief is dependent on disputed factual issues. So I think the court counsel, I think you've answered my question with regard to Wilson. The second big issue that your opposing counsel raised is with regard to the time bar. And again, we're focusing on the state claims here. Your opposing counsel says that since this is purely defensive, that we take the statute of limitations from what would be the offensive claim, in this case, the enforcement of the lien, and that's 20 years. And so he has 20 years to bring this. Why is that incorrect? Well, I think the limitations bar would apply to the state and federal claims, because 1983 claims can be time barred under the same four-year limitations. Well, no, they are barred under the four years, but that's not what he's arguing. He's arguing as to the state claims that they are purely defensive and they take the 20-year statute of limitations. Okay, so the claims are not purely defensive. And I think this can be as and what it necessarily is and also the law under which the claim needs to be analyzed. So on the record, the claim is not defensive. It seeks relief for past harm and it seeks affirmative relief, even the declaratory relief claim. And I'm going to explain how. So ANOVA always alleged that the imposition of the order, you know, when imposed, depleted the equity in its property. So past harm upon imposition. Even when it ceased accruing in November 2012, the 924,000, that was fixed as of November 2012. And so the time bar would apply to that. And ANOVA also always alleged that the fine was unconstitutionally excessive when imposed because it violated the state statutory limits. Again, this is Moustakis saying that constitutional violation happens or it doesn't happen when the fine is imposed. And ANOVA's claims all sought affirmative relief. Okay, of course, the 1983 claim sought damages. But we're not talking about the 1983. We're talking about the DEC action. I understand, Your Honor. The declaratory relief claim seeks a declaration that the lien is invalid, unenforceable, and unconstitutional. And here's how the statutory scheme in Florida treats this final adjudicated sum of the Code Enforcement Board like a judgment. 162.09 subsection 3 says that when the village records the order enforcing civil penalties, which it did on the face of it, the village acquires a lien over ANOVA's real estate. I have to say, counsel, that doesn't seem to be your best argument. That does seem at least arguably defensive if you're arguing that is as a defense to why the lien shouldn't be enforced. But I read the DEC action, and I'm looking at the wherefore clause. This is a docket entry 20 page 9 that it asks any alternative to declare that section 162.09 is unconstitutional for its failure to safeguard against excessive fines prohibited. That's affirmative relief, is it not? I mean, you're seeking to declare a Florida statute unconstitutional as applied to me. You're seeking to declare that the Florida statute is unconstitutional. You're seeking to take away a vested property interest of the village, right? That's what a lien is by Florida substantive law by statute. And you're seeking to declare that the village committed a constitutional violation. So yes, all three of those things are encompassed within the declaratory relief claim. A court cannot grant ANOVA's requested relief without concluding that constitutional violation. And again, this lien, it's not just merely that it's last 20 years. I think a very important relevance of it is that a lien is a property interest that the village acquired in ANOVA's real estate by statute in 2012, declaratory relief, and we take that away from it. What would a truly defensive action look like? Would it be, let me ask it and then tell me if I have it wrong or not. I'm asking, I don't know the answer to this. Would it be that I am not liable for the excessive part of the lien? In other words, they clearly violated the code. Clearly some fine is appropriate here under the code. So they're sort of asking for more than they otherwise would have been entitled to. Would a defensive action be, I am not liable for the excessive portion of that lien? You can't enforce the excessive portion of that lien against me? No, I think it would have to precede that. I think it would have to be something like, I didn't violate the code. This number of permits wasn't required. I mean, remember, this is an adjudicated claim in an administrative hearing. So I think a purely defensive action would be something like, before this order enforcing civil penalties was entered, after the citation was issued, ANOVA ran into federal court or state court seeking a declaration that I don't owe an obligation on this citation. And I think that's where that hypothetical is similar to which is very different from our case here, because that was an unadjudicated, inchoate claim that the United States might bring in the future. You, Lukenbach, owe me $417,000. And Lukenbach says, no, I don't. And here we have not some inchoate claim of the village on an obligation, but a past adjudicated fixed sum in a statutorily acquired lien. And this is also where Bartram is completely distinguishable, because that was very specific to the, I mean, the Bartram court was clear that it was limited to the unique nature of the mortgage context, where repeated monthly obligations to make payments could give rise to separate breaches and therefore separate revivals of the statute of limitations. And here there's no such analogous circumstance. ANOVA doesn't have any continuing obligation to the village to make payments on a note. It's a past fixed sum as of November 2012. And the only argument that ANOVA really made below as to why it should be extended was Bartram, which I think is doctrinally completely inapplicable. And they mentioned this reference to the accrual of interest over time, which I think is not supported in any case. Every claim accrues interest. Breach of contract accrues interest. And it doesn't ever allow the statute of limitations on a breach of contract claim to be extended indefinitely in the future just because it will always accrue interest. And I think it's maybe a tertiary point at this point, but I think it is significant that this entire concept of this was really a defensive claim and a 1963 decision from the second circuit was just never raised to the district court below. I understand there was a point in time when the fines had gotten high that the village reduced them to $25,000 if they were paid by a date certain they weren't paid, so they escalated again. By operation of the litigation. So have the parties recently engaged in mediation? We did mediate as required by the 11th circuit, and it didn't go anywhere. It was very, if I may close with the remand argument, I think the limitations ruling really speaks to that because there's nothing to remand. I'm not understanding. Putting aside that it wasn't argued. That goes to jurisdiction. And if it's truly supplemental, and I have an open question as to that in my own mind, if it's truly supplemental, I think the court does need to even if the merits decision is so clearly obvious. Otherwise, federal courts can be making all sorts of state law claims where there aren't any federal claims pending. And I'm not sure that that is the law. Well, I think that the it's not truly supplemental because as everyone recognizes in the declaratory relief claim, it says it alleges a federal constitutional violation. And I think there was there's one 11th circuit case cited started with a C. I'm blanking on the name, where the district court on the 11th circuit, there was purely state law claims. And the district court in the 11th circuit concluded there was a lack of standing. And based on the lack of standing, it remanded the district. And that's jurisdictional, right? Here, I mean, the limitations issue, I think, is not jurisdictional. We had in 1983 claims and the declaratory relief claim together and a decision that they're all time barred. I think the court is not required to artificially say that this limitation ruling applies to the 1983 claims first. And now we have to kick out the declaratory relief claim. I would much rather the court artificially, I may admit, apply the limitations ruling to all of them together. Thank you, Your Honor. I would ask the court affirm the district court's order. Thank you, Mr. Crockett. You've got five minutes. Thank you, Your Honor. I want to- Counsel, if you could start with Wilson. So I'm reading from Wilson here. Yes, at pinpoint sites 628 and 631 from the opinion, quote, we conclude that the Wilson's facial constitutional challenges cannot be barred by failure to exhaust administrative remedies. Correct. I want to go back to the question that I asked you, which was, as an as-applied challenge that you have brought, so assume with me that no ultra-virus claim has been brought under Florida substantive law in the administrative action. No, Your Honor. Count, in Wilson, there were five counts in the complaint. Count one was an excessive fine claim, in addition to other things. Two, three, four, five were facial constitutional challenges. The court said they all went forward. They all were allowed to go forward, including the excessive fine. No, but excessive fine claim can be facial or as-applied. Well, I think an excessive fine claim is always a- What authority do you have for that proposition? Because the factors going to excessive fine are as applied to the culpability, the proportionality in a particular case. Those factors are applied to as-applied challenges, but if I am someone who is in the construction business and worried about getting a fine, so in other words, I had standing, I could bring a facial challenge to say this claim as applied to anybody in the construction industry is excessive inherently. For instance, what if a fine was $3 billion for a single violation? Well, Your Honor, I think just to look at Wilson, I think in this particular case, they talk about the amounts of the fine that accrued over two years. They say the argument was they imposed excessive fines and they violated the right not to be subjected to excessive fines in violation of the Eighth Amendment. The court clearly said that was excessive fine claims are precluded under the collateral attack doctrine. But I want to also, if I may, if you're satisfied with that or not. I understand what you're saying. Okay. Thank you. Thank you, Your Honor. Judge Antoon may put his finger on one very important point. The trial court had discretionary authority not to rule on a declaration claim. We understand that. For instance, but that would be without prejudice to resolving it. That's not what happened here. So I understand that point and I think it's a good point and I try to explore this. But I think what your opposing counsel said at the end is what gets me, which is the deck action, for better or for worse, sandwiches some state law claims where I think you're right with some federal law claims. And certainly the district court is allowed to make a determination of a deck action that brings substantive federal law claims. And so if that claim is federal in nature, at least in part, then why can't the district court make a merits determination without going through the supplemental jurisdiction factors? On federal claims, I agree. But they're sandwiched together. I mean, this truly is a shotgun pleading. Well, and bear in mind, there were state claims. This was one answer to the court's earlier question. What claim was brought that violation of state law? This was a claim only of violation of state law in the state court. And then 1983 was added and it was removed. So there was always a violation of state law and violation of federal law. So they were both there. And your honor, there's no certainty that Florida excessive primes jurisprudence is the same, excessive fine jurisprudence is the same as federal. That's never been resolved. And of course, the ultra virus issue is state only, not federal. So I think, and again, if the Wilson case, it's a little complicated. But the fact, the reference to facial is because in other contexts, facial challenges are not required to be brought in administrative proceedings under Florida law. They can be brought in the certiorari proceedings. Here, this statute is different. And the Wilson court points this out. In this case, 162.11 allows both facial and as applied challenges to be brought. Nonetheless, unless the same cause of action is brought, they're not precluded. So you have an option. The court even said, Wilson said, we understand many of these could have been brought in the 162.11 appeal. Nonetheless, they're not precluded in a later action. So the collateral, that's why the court did what he did. He felt that the collateral attack was the law and therefore everything was precluded on the merits. That's wrong. That's the wrong under Florida law. It's wrong under Konicoff. I just think if Ricketts, for example, I only cite Ricketts because I was on the panel. It says any attempt to present an as applied constitutional challenge to the statute, as opposed to a facial constitution challenge is barred as a matter of res judicata and waiver. So I'm just, I have a hard time understanding how, if this is as applied, how you can bring it. Well, even Ricketts, your honor, and I understand the court was on the panel. Ricketts said a facial challenge to the statute, which could have been brought, didn't have to be brought. The as applied as applied constitutionally, again, the court didn't address that. It wasn't brought. I think the distinction is not as applied. Is it the same cause of action? And I think Wilson's on point. And of course, Judge Salter cited for that decision, which really is contrary because their whole argument is it could have been brought. Well, that same thing was true in Ricketts, but nonetheless, you reached the merits. The third district reached the merits. Unless there's any other questions. Thank you, counsel. Thank you both. We have the case under advisement and we are in recess until tomorrow.